UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RAMON ELIGIO DEJESUS PERALTA,

Defendant.

**SEALED SUPERSEDING
INDICTMENT**

S1 26 Cr. 192

## OVERVIEW

1.      From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the defendant, and others known and unknown, participated in a scheme to defraud states and localities out of revenue from vehicle registration fees, tolls, parking enforcement, and traffic enforcement, through the use of fraudulent temporary vehicle registrations ("temp tags"). As part of the scheme, the defendant and his coconspirators created a series of companies for which they obtained used motor vehicle dealer licenses in the States of New Jersey and Georgia. The defendant and his coconspirators then used those dealer licenses to fraudulently issue tens of thousands of temp tags, which they used themselves and sold to others, thus enabling the defendant and his coconspirators and their customers to deprive states and localities of millions of dollars in revenue from vehicle registration fees, tolls, and parking and traffic tickets, and the defendant and his coconspirators to reap millions of dollars for themselves.

2.      On or about June 19, 2019, RAMON ELIGIO DEJESUS PERALTA, the defendant, formed Havich Auto Mall LLC ("Havich Auto"), a New Jersey Limited Liability Company. On or about July 23, 2019, DEJESUS PERALTA obtained a used motor vehicle dealer license from the State of New Jersey for Havich Auto. From between on or about October 17,

2019, up to and including on or about October 26, 2020, Havich Auto issued approximately 8,602 temp tags, including new tags and extensions. On or about October 26, 2020, the New Jersey Motor Vehicle Commission ("NJ MVC") served DEJESUS PERALTA with a temporary order of suspension, notice of preliminary hearing, and notice of proposed license revocation for Havich Auto relating to its fraudulent issuance of temp tags. On or about November 5, 2020, DEJESUS PERALTA, acting on behalf of Havich Auto, agreed to pay a fine and to undergo a two-month suspension from New Jersey's electronic temp tag system, and admitted to violating New Jersey regulations.

3.      On or about March 10, 2022, RAMON ELIGIO DEJESUS PERALTA, the defendant, formed Ramon Auto Imports LLC ("Ramon Auto"), a Georgia Limited Liability Company. On or about July 15, 2022, DEJESUS PERALTA obtained a used motor vehicle dealer license from the State of Georgia for Ramon Auto. From between on or about April 6, 2023, up to and including on or about March 12, 2024, Ramon Auto issued approximately 7,100 temp tags, including new tags and extensions. On or about May 9, 2023, the Georgia Department of Revenue ("GA DOR") cited Ramon Auto for the issuance of approximately 400 unauthorized temp tags, many of which, GA DOR stated, showed fraudulent information, such as names, VINs, or addresses.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

4.      The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if set forth fully herein.

5.      From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the

2

defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

6.      It was a part and an object of the conspiracy that RAMON ELIGIO DEJESUS PERALTA, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, the defendant agreed to make and caused to be made false statements to the states of New Jersey and Georgia in connection with the issuance of temp tags, and to fraudulently display temp tags on vehicles operating in New York, which the defendant used to deprive New York State and agencies and instrumentalities thereof of revenue derived from tolls, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

7.      It was further a part and an object of the conspiracy that RAMON ELIGIO DEJESUS PERALTA, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, the

defendant agreed to make and caused to be made false statements to the states of New Jersey and Georgia in connection with the issuance of temp tags, and to fraudulently display temp tags on vehicles operating in New York, which the defendant used to deprive the New York City Department of Finance ("NYCDOF") of revenue derived from parking and traffic tickets, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud on New York State Tolling Authorities)

The Grand Jury further charges:

8.      The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if set forth fully herein.

9.      From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, the defendant engaged in a scheme to make false statements to the states of New Jersey and Georgia in connection with the issuance of temp tags, and to fraudulently display temp tags on vehicles operating in New York, which the defendant and his coconspirators used to deprive New York State and agencies and instrumentalities thereof of revenue derived from tolls, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District

of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
#### (Wire Fraud on NYCDOF)

The Grand Jury further charges:

10.     The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if set forth fully herein.

11.     From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, the defendant engaged in a scheme to make false statements to the states of New Jersey and Georgia in connection with the issuance of temp tags, and to fraudulently display temp tags on vehicles operating in New York, which the defendant used to deprive NYCDOF of revenue derived from parking and traffic tickets, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT FOUR
#### (Conspiracy to Commit Access Device Fraud)

The Grand Jury further charges:

12.     The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if

set forth fully herein.

13.     From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit access device fraud, in violation of Title 18, United States Code, Section 1029(a)(3).

14.     It was a part and object of the conspiracy that RAMON ELIGIO DEJESUS PERALTA, the defendant, and others known and unknown, knowingly and with intent to defraud, as part of an offense affecting interstate and foreign commerce, would and did possess fifteen or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

### Overt Acts

15.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.     On or about October 29, 2019, from a computer located in Manhattan, New York, New Jersey Interactive LLC ("NIC") account credentials issued to Havich Auto in the name of RAMON ELIGIO DEJESUS PERALTA, the defendant, were used to generate a New Jersey temp tag.

b.     On or about April 8, 2023, from a computer located in Yonkers, New York, Title Technologies LLC ("TitleTec") account credentials issued to Ramon Auto in the name of RAMON ELIGIO DEJESUS PERALTA, the defendant, were used to generate a Georgia temp tag.

(Title 18, United States Code, Sections 1029(a)(3) and (b)(2).)

## COUNT FIVE
### (Access Device Fraud)

The Grand Jury further charges:

16.     The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if set forth fully herein.

17.     From at least in or about June 2017 through at least in or about March 2024, in the Southern District of New York and elsewhere, RAMON ELIGIO DEJESUS PERALTA, the defendant, knowingly and with intent to defraud, as part of an offense affecting interstate and foreign commerce, attempted to and did use, and traffic in, one and more unauthorized access devices, and by such conduct did obtain things of value aggregating $1,000 or more, and aided and abetted the same, to wit, the defendant used, and aided and abetted the use of, NIC, TitleTec, and Computerized Vehicle Registration user credentials to generate a total of approximately 100,000 New Jersey and Georgia temp tags, which were sold to customers for approximately $50 to $250 per temp tag.

(Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 2.)

## FORFEITURE ALLEGATION

18.     As a result of committing the offenses alleged in Counts One, Two, and Three of this Superseding Indictment, RAMON ELIGIO DEJESUS PERALTA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

19.     As a result of committing the offenses alleged in Counts Four and Five of this

Superseding Indictment, RAMON ELIGIO DEJESUS PERALTA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offenses, and any and all personal property used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

20.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, and 1029;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney

9